# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
**No. 20-1955V**
(not to be published)

| | |
|---|---|
| KATHY FOULKER,<br><br>　　　　　　Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>　　　　　　Respondent. | Chief Special Master Corcoran<br><br>Filed: May 31, 2023<br><br>Special Processing Unit (SPU); Attorney's Fees and Costs; Hourly Rates |

*Jonathan Joseph Svitak*, Shannon Law Group, P.C., Woodridge, IL, for Petitioner.

*Julia Marter Collison*, U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION ON ATTORNEY'S FEES AND COSTS[1]

On December 23, 2020, Kathy Foulker filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered a shoulder injury related to vaccine administration resulting from an influenza vaccine received on or about September 9, 2019. Petition at 1. On March 28, 2023, I issued a Decision awarding compensation to Petitioner, based upon the parties' stipulation. ECF No. 43.

Petitioner has now filed a motion for attorney's fees and costs, requesting a total award of $30,988.31 (representing $30,414.30 in fees and $574.01 in costs). Petitioner's Motion for Fees and Costs, filed May 1, 2023, ECF No. 47. In addition, in accordance with

---

[1] In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

General Order No. 9, Petitioner's counsel represents that Petitioner has incurred no out-of-pocket expenses. *Id.* at ¶ 13.

Respondent reacted to the motion on May 8, 2023, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. Respondent's Response to Motion at 2-3, 3 n.2, ECF No. 49. Petitioner did not file a reply thereafter.

Having considered the requested hourly rate increase and following review of the billing records submitted with Petitioner's requests, I find a reduction in the amount of fees and costs to be awarded appropriate, for the reason listed below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Hum. Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Hum. Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Hum. Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Hum. Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES

Petitioner requests compensation for attorney Joseph Svitak for both attorney and paralegal work and for paralegals at his law firm at the following rates:

|  | **2020** | **2021** | **2022** | **2023** |
|---|---|---|---|---|
| Joseph Svitak – attorney | $280 | $310 | $350 | $400 |
| Joseph Svitak – paralegal | $163 | $163 - $172 | X | X |
| Paralegals | $100 | $100 | X | X |

The requested rates for time billed between 2020 and 2022 are reasonable and consistent with what has previously been awarded for work this attorney and paralegals have performed for other petitioners.

For time billed in 2023, however, Mr. Svitak requested an hourly rate of $400 – representing a rate increase of $50, more than twice the $18 yearly increase in forum ranges.[3] ECF No. 47-2 at 1-2. Additionally, Petitioner based the requested rate on an erroneous assessment of his level of experience for 2023. As Petitioner noted, he will have nine years of experience in November 2023. ECF No. 47 at 10. This means he is considered as having eight years of experience – the lower end of the range for attorneys with eight to ten years of experience: $354 - $450, for 2023. *See* 2023 Attorneys' Forum Hourly Rate Fee Schedule at http://www.uscfc.uscourts.gov/node/2914 (last visited May 25, 2023). Accordingly, for the instances when a rate of $400 per hour was used, I will reduce Mr. Svitak's rate to $380 per hour for 2023. This results in a reduction of **$142.00**.[4]

## ATTORNEY COSTS

Petitioner requests $574.01 in overall costs. ECF No. 47-4. Although not initially provide, she now has filed adequate receipts for all but one expense of $51.60 noted as for "Medical Records." ECF No. 50. Given the amount sought and lack of a detailed description for this cost (such as the medical provider from whom the records were

---

[3] *Compare* 2022 Attorneys' Forum Hourly Rate Fee Schedule at http://www.uscfc.uscourts.gov/node/2914 (last visited May 25, 2023) *with* 2023 Attorneys' Forum Hourly Rate Fee Schedule at http://www.uscfc.uscourts.gov/node/2914 (last visited May 25, 2023).

[4] This amount is calculated as follows: $400 - $380 = $20 x 7.1 hrs. = $142.

3

obtained), I will not reimburse this unsubstantiated cost. *See* ECF No. 50 at 8. This results in a reduction of **$51.60.**

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Accordingly, I hereby GRANT IN PART Petitioner's Motion for attorney's fees and costs. I award a total of **$30,794.71 (representing $30,272.30 in fees and $522.41 in costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk shall enter judgment in accordance with this Decision.[5]

**IT IS SO ORDERED.**

                                                                                            **s/Brian H. Corcoran**
                                                                                            Brian H. Corcoran
                                                                                            Chief Special Master

---

[5] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.